UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:05-CV-00248-R

SWINFORD TRUCKING, INC.                                    PLAINTIFF

v.

BARLOWORLD INDUSTRIAL DISTRIBUTION, INC.
BARLOWORLD FREIGHTLINER, INC.
BARLOWORLD FLEET LEASING, LLC
FREIGHTLINER LLC and
SELECTRUCKS OF MEMPHIS                              DEFENDANTS

BARLOWORLD FLEET LEASING, LLC           COUNTERCLAIM PLAINTIFF

v.

STEVE SWINFORD                          COUNTERCLAIM DEFENDANT

## MEMORANDUM OPINION

Defendants Freightliner, LLC, ("Freightliner") and SelecTrucks of Memphis ("Selectrucks") (collectively referred to herein as "the moving Defendants") filed a Motion for Summary Judgment. (Docket # 28). Plaintiff Swinford Trucking filed a Response (Docket # 32), and the moving Defendants replied (Docket # 33). The matter is now ripe for adjudication. The Court hereby GRANTS the moving Defendants' Motion for Summary Judgment.

## BACKGROUND

This case arises out of Plaintiff's purchase of thirty used trucks from Barloworld Truck Center, run by Barloworld Industrial Distribution, Barloworld Freightliner, and Barloworld Fleet Leasing (collectively "the Barloworld Defendants") and Selectrucks. The trucks were made by Freightliner; Plaintiff does not claim to have a contractual relationship with Freightliner.

Plaintiff possessed and used the trucks for over two years.  Plaintiff drove all the trucks at least 100,000 miles, and some more than 300,000 miles.  The trucks were eventually repossessed by Barloworld due to Plaintiffs' failure to pay.[1]  Plaintiff claims that the Defendants breached contracts and warranties entered into on March 27, 2003, the date of sale of the trucks.  Plaintiff seeks recovery of increased maintenance costs of the trucks, lost profits, highway tax, and monetary damages arises from the alleged breaches of contract and warranty.

In support of their Motion for Summary Judgment, the moving Defendants cite both the language of the warranty granted at the sale of the trucks and alleged admissions by Plaintiff. Plaintiff does not contest that a Select Limited Warranty ("the Warranty") was provided for the trucks; a representative for Plaintiff signed an acknowledgment of the Warranty.  The Warranty lasts two years or 200,000 miles.  The Warranty states that it is the exclusive warranty, excepting only the implied warranties of merchantability and fitness for purpose.  The Warranty also states that actions on the Warranty are Plaintiff's exclusive remedy against Defendants.  Additionally, the sellers' liability for claims under the Warranty is limited to the replacement or repair of parts only.  According to the Warranty, Plaintiff is only entitled to recover the amount paid by Plaintiff allocable to the damaged part.  The Warranty explicitly prohibits Plaintiff's recovery of any "special or consequential damages including, but not limited to, injuries to persons or damage to property, loss of profits and revenues, or loss of vehicle use."

The moving Defendants provide the Court with Requests for Admissions served on Plaintiff on July 25, 2006.  As required by Federal Rule of Civil Procedure 36(a), Plaintiff had thirty days to respond to these Requests.  The moving Defendants state that Plaintiff did not file a

---

[1]Barloworld's claim against Steve Swinford arises from the repossession of the trucks.

response, and Plaintiff does not contest this assertion. According to the moving Defendants, Plaintiff's failure to respond constitutes positive admissions of each of the statements listed in the Request. By failing to respond, Plaintiff has allegedly admitted: that Freightliner did not breach any warranties to Plaintiff with regard to the trucks; that Freightliner did not enter or breach any contract with Plaintiff; and that Selectrucks did not breach any contract or warranty with regard to the trucks.

Plaintiff responds to the moving Defendants' claim that the terms of the Warranty bar recovery. Plaintiff argues that the Warranty was not provided at the time of sale and was instead provided at a later date. Plaintiff claims that different warranty and contract terms were discussed at the time of the sale than those reflected in the Warranty granted. According to Plaintiff, the Warranty was only accepted because Plaintiff had traded in its trucks in reliance on the negotiations it previously had with Barloworld and was then forced to take whatever deal was provided later. Plaintiff states that summary judgment is inappropriate because issues of fact exist as to the validity of the Warranty. Plaintiff does not respond to the moving Defendant's claims that Plaintiff has admitted to the Court that the moving Defendants have not breached any contract with Plaintiff or the Warranty.

In its Response, Plaintiff also makes claims that the Barloworld Defendants colluded to confuse Plaintiff about the terms of the contract for the sale of the trucks. Plaintiff claims that it did not know with whom it was contracting at the time of the sale. Plaintiff admits that it was aware that it was purchasing Freightliner trucks from Selectrucks. Therefore, Plaintiff's confusion does not extend to claims of the Defendants currently moving for Summary Judgment. Any issues of fact relating to collusion or invalidity of the contract because of Plaintiff's

confusion regarding the Barloworld Defendants are irrelevant to the current Motion for Summary Judgment and will not be discussed further in this Opinion.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary

4

judgment inappropriate." *Monette v. Elec. Data Sys. Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996)

(citing *Anderson*, 477 U.S. at 247-49).


## ANALYSIS


The moving Defendants argue that summary judgment is appropriate in this matter

because (1) Plaintiff has admitted that the moving Defendants have breached no contract or

warranty and (2) the limitations on liability set forth in the Warranty preclude all Plaintiff's

claims as a matter of law.  The Court addresses each argument in turn.

## I.      Requests for Admissions

Moving Defendants requested Plaintiff to admit, among other things, that: no contractual

relationship existed between Plaintiff and Freightliner; Freightliner did not breach any warranty

to Plaintiff; and Selectrucks did not breach any warranty or contract with Plaintiff.  Plaintiff did

not respond to these requests.  When a party does not respond to a request for admissions, "the

requested admissions are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a) and

are conclusively established under Rule 36(b)."  *Murillo v. Moore*, No. 02-419-C, 2005 U.S.

Dist. LEXIS 11759 (W.D.Ky. 2005).  *See also* 8A Charles A. Wright, Arthur R. Miller &

Richard L. Marcus, Federal Practice and Procedure § 2259 (1994).  The moving Defendants

properly rely on the admissions in their Motion for Summary Judgment.  *Id.* (citing *Dukes v.

South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).  Plaintiff has not requested

additional time in which to respond to the Requests for Admissions, nor has Plaintiff challenged

the Requests.  Therefore, the Court credits the Plaintiff with having admitted each of the

statements in moving Defendants' Request for Admissions.  Plaintiff's admissions that moving

Defendants did not breach any warranties or contracts conclusively dispose of any potential

issues of fact.  Summary judgment in favor of the moving Defendants is appropriate.


## II.    Warranty Liability Disclaimers

While Plaintiff's admissions are dispositive of any claims against the moving Defendants,

the Court further considers Plaintiff's claims for the sake of completeness.  Plaintiff claims that

the moving Defendants are bound by additional warranties than those set out in the Select

Limited Warranty.  According to Plaintiff, additional terms were discussed during negotiations

for the purchase of the trucks which were not included in the final warranty.  Despite any

shortcomings, a representative for Plaintiff signed and accepted the Warranty.  Two years after

the purchase, Plaintiff brings this issue before the Court.

The Court holds that Plaintiff is bound by the Warranty it signed and accepted.  The

Warranty specifically disclaims any other negotiated or previous warranties.  Plaintiff does not

make any viable claims under the Warranty in effect or under the implied warranties of fitness or

merchantability.  Plaintiff has also not attempted to revoke or rescind the contract or acceptance

of the Warranty in a reasonably timely fashion as required by Kentucky contract law, and can no

longer claim that it is not bound by the Warranty.  Ky. Rev. Stat. 355.2-608(2) (LexisNexis

2006).  *See also Ross v. Reidley Motor Co.*, 121 S.W.2d 689 (Ky. 1938); *Chernick v. Casaras*,

759 S.W.2d 832 (Ky. App. 1988).  Therefore, Plaintiff's claims that it has additional actionable

warranties, brought two years after the original sale and after Plaintiff's loss of the truck,

necessarily fails as a matter of law.

6

Plaintiff also makes claims under the present Warranty. Its claims for maintenance costs of the trucks, lost profits, highway tax, and other consequential damages are explicitly excluded under the Warranty. Plaintiff expresses dissatisfaction with repairs made to trucks while the Plaintiff possessed them in accordance with the warranty. Plaintiff shows no proof that it complained that repairs were inadequate during its continued use and possession of the trucks. Prolonged use of the trucks after the repairs without complaining of any inadequacy implies that Plaintiff was satisfied with the repair and found the repair compliant with the Warranty. *See Henson v. Western Star*, 57 UCC Rep. Serv.2d 993 (Ky. App. 2005) (citing *Ford Motor Co. v. Olive*, 234 So.2d 910 (Miss. 1970)). Any new claims under the Warranty are also untimely, as the two year duration of the Warranty has expired and many of the trucks had exceeded the 200,000 mile limit on the Warranty at the time they were repossessed. Furthermore, Plaintiff did not notify Defendants of their alleged breach in time to recover any meaningful damages. The Warranty validly limits Plaintiff's remedies to repair or replacement of parts, and Plaintiff no longer has possession or use of the trucks. *Moore v. Mack Trucks, Inc.*, 40 S.W.3d 888 (Ky. App. 2001). Therefore, any repair of defects in the trucks would not constitute recovery benefitting the Plaintiff.

While Plaintiffs show that the parties disagree about the facts surrounding the negotiation of the warranty and adequacy of repairs made, the Court finds that Plaintiff should be denied recovery from the moving Defendants as a matter of law. Since Plaintiff does not rebut that it acknowledged and signed the Warranty, made valid tacit admissions that the moving Defendants breached no warranty or contract, and did not timely object to the adequacy of Defendants' repairs to the trucks, Plaintiff's claims against the moving Defendants fail as a matter of law.

Plaintiff's claims against the Barloworld Defendants still stand, as does Barloworld's claim against Steve Swinford.

## CONCLUSION

For the above reasons, Freightliner's and Selectrucks' Motion for Summary Judgment is GRANTED.  An appropriate Order shall issue.