UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:05-CV-00248-R

SWINFORD TRUCKING, INC.                                                                                    PLAINTIFF

v.

BARLOWORLD INDUSTRIAL DISTRIBUTION, INC.
BARLOWORLD FREIGHTLINER, INC.
BARLOWORLD FLEET LEASING, LLC
FREIGHTLINER LLC and
SELECTRUCKS OF MEMPHIS                                                                                  DEFENDANTS

BARLOWORLD FLEET LEASING, LLC                                           COUNTERCLAIM PLAINTIFF

v.

STEVE SWINFORD                                                                       COUNTERCLAIM DEFENDANT

**MEMORANDUM OPINION**

Defendants Barloworld Industrial Distribution, Inc. ("BIDI"), Barloworld Freightliner, Inc. ("BTC"),[1] and Barloworld Fleet Leasing, LLC ("BFLL") (collectively the "Barloworld Defendants") filed a Motion for Summary Judgment on Plaintiff's claims and BFLL's counterclaims. (Docket # 22). Plaintiff Swinford Trucking responded. (Docket # 26). Counterclaim Defendant Steve Swinford did not respond. The Barloworld Defendants replied. (Docket # 27). The Court now GRANTS the Barloworld Defendants' Motion for Summary Judgment. Since liability issues have been fully decided through summary judgment,

---

[1] The Barloworld Defendants claim that Plaintiff has incorrectly identified a Defendant as Barloworld Freightliner, Inc. Plaintiffs refer to the title used by the Defendant in reassignment documents for the trucks. In this Opinion, we will use the title urged by the Defendants, Barloworld Truck Center, as it is unclear to which business entity the title Barloworld Freightliner, Inc., refers.

Defendants' Motion to Strike (Docket # 20) is now moot.

## BACKGROUND

This case arises out of Plaintiff's purchase of used trucks from Barloworld Truck Center, run by the Barloworld Defendants and Selectrucks. The trucks were made by Freightliner; Plaintiff does not claim to have a contractual relationship with Freightliner. While BFLL and Plaintiff signed a contract for the finance and sale of the trucks, BIDI and BTC were not parties to this contract. Plaintiff agreed to pay BFLL the purchase price of $1,323,937.92 in forty-eight monthly installments. Mr. Steve Swinford, the Counterclaim Defendant, executed a guarantee to BFLL on the loan to Plaintiff. Plaintiff stopped paying after twenty-one installments. Mr. Swinford has not finished payment. The validity of the contract, existence of the guaranty, and failure to pay are not disputed.

After binding itself to the sales contract, Plaintiff possessed and used the trucks for over two years. Plaintiff drove all the trucks at least 100,000 miles, and some more than 300,000 miles. Eventually, the trucks were repossessed by Barloworld due to Plaintiff's failure to pay. Plaintiff claims that the Defendants breached contracts and warranties entered into on March 27, 2003, the date of sale of the trucks. Plaintiff seeks recovery of increased maintenance costs of the trucks, lost profits, highway tax, and monetary damages arises from the alleged breaches of contract and warranty.

While Plaintiff did sign a warranty with Selectrucks, none of the Barloworld Defendants were parties to this warranty. Plaintiff does not show any evidence that BIDI and BTC were parties to any contract with Plaintiff. BFLL did, however, enter into a contract with Plaintiff.

The contract expressly provides that there are:

> NO WARRANTIES. The Equipment is sold "AS IS". Buyer has selected the Equipment and the Supplier prior to requesting that Seller purchase and sell the Equipment to Buyer. SELLER HAS NOT MADE AND DOES NOT MAKE ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OF THE EQUIPMENT OR WITH RESPECT TO PATENT INFRINGEMENT, TITLE OR THE LIKE, OR OTHERWISE. IN NO EVENT SHALL SELLER BE LIABLE FOR ANY SPECIAL OR CONSEQUENTIAL DAMAGES.

Plaintiff alleges that, despite the language of the contract, signed by Plaintiff's representative, the Court should enforce unwritten warranties. In his affidavit, Tim Swinford, Plaintiff's secretary, states that BFLL negotiated a sale with Plaintiff that included a warranty. In accordance with this oral agreement, Plaintiff traded its trucks in to BFLL. Plaintiff alleges that BFLL then raised the price on the trucks and delayed presenting warranty papers. Regardless, Plaintiff signed the contract with BFLL containing the above language disclaiming any warranties. Plaintiff does not dispute the accuracy of the contract's language, but urges the Court to allow them to recover under oral warranties allegedly negotiated before Plaintiff signed the contract. In relevant part, the contract states, "Buyer agrees to all terms and conditions of this Agreement, that they are a complete and exclusive statement of its agreement with Seller superseding all prior oral or written agreements and they may be modified only by a writing signed by Seller..."

BFLL filed a counterclaim against Plaintiff for breaching the sales contract obligating it to continue its monthly payments and asserting that the payments made and value of trucks after repossession were insufficient to satisfy Plaintiff's debt. BFLL also makes claims against Steve

Swinford, the Third Party Defendant, claiming that he guaranteed the purchase price of the trucks on behalf of Plaintiff. The Barloworld Defendants now move for summary judgment denying Plaintiff's claims against them and granting BFLL's counterclaim against Plaintiff and claim against Mr. Swinford.

Plaintiff does not dispute that it stopped making monthly payments on the trucks. The contract between Plaintiff and BFLL states that Plaintiff shall be considered in default if it fails to make a required payment within ten days of the due date. The contract also provides that, in the event of a default, BFLL is entitled to (1) repossess the trucks; (2) declare all unpaid installment payments, less unearned finance charges, due and payable as liquidated damages; (3) sell the trucks and apply the proceeds (less expenses, legal fees, and costs incurred in the sale) to the amounts owed by Plaintiff; and (4) enforce the terms of the contract at Plaintiff's expense.

The Barloworld Defendants note that, by failing to respond to Requests for Admissions, Plaintiff has conceded facts relevant to this Motion for Summary Judgment. Pursuant to the Barloworld Defendants' unanswered Requests for Admissions served on April 7, 2006, Plaintiff admitted (1) the truth and accuracy of the submitted copy of the contract between Plaintiff and BFLL; (2) the accuracy of the submitted copy of Mr. Swinford's guaranty; and (3) Plaintiff's receipt and use of the trucks. Under Federal Rule of Civil Procedure 36(a), Plaintiff had thirty days to respond to these Requests. Since Plaintiff did not file a Response, Plaintiff's has constructively admitted of each of the statements listed in the Requests.[2]

In its Response to the Motion for Summary Judgment, Plaintiff claims that the

---

[2] The Court's reasoning for binding Plaintiff to these admissions is set forth in greater detail in our Opinion granting summary judgment to Selectrucks and Freightliner.

Barloworld Defendants colluded to confuse Plaintiff about the terms of the contract for the sale of the trucks. Plaintiff states that it did not know with whom it was contracting at the time of the sale. Plaintiff posits that the multiple Barloworld corporate entities exist to allow the Barloworld Defendants to "hide behind numerous corporations to avoid having to answer for their failures to honor their promises." As the Court finds in this Opinion, the promises made to Plaintiff by Barloworld businesses in this sale were all honored. Plaintiff constructively admitted that the Warranty was complied with. Furthermore, BFLL does take responsibility for the sale and warranty it signed; thus, the Barloworld Defendants are not hiding from their obligations.

In a previous Order, this Court granted Summary Judgment to Defendants Freightliner and Selectrucks. (Docket # 34 and 35). The Court found that Freightliner was not liable to Plaintiff because there was no contractual relationship between the two parties. The Court also found that, by signing and accepting a Select Limited Warranty from Selectrucks, the Plaintiff also bound itself to the Warranty's disclaimer language, forsaking any other negotiated terms or warranties or implied warranties. By failing to respond to Defendants' Requests for Admissions, Plaintiff implicitly admitted all allegations set forth in the Request for Admissions, conceding issues dispositive to the Motion for Summary Judgment. Furthermore, Plaintiff's failure to attempt to revoke or rescind the warranty contract in a reasonable amount of time precluded it from asserting further warranties other than the implied warranties of fitness and merchantability. The Court also denied Plaintiff's claims that Defendants were liable under the terms of the applicable Select Limited Warranty because the claims were untimely and explicitly excluded under the warranty.

## STANDARD

Summary judgment is available under Federal Rule of Civil Procedure 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 247-49).

# ANALYSIS

I.      **Plaintiff's Claims against the Barloworld Defendants**

Plaintiff claims that BFLL, BIDI, and BTC breached the sales contract and oral warranty provisions. Plaintiff has provided the Court no evidence that it established a contractual relationship with BIDI or BTC. All Plaintiff's sales involved one Barloworld entity, BFLL.[3] Since Plaintiff has not shown that BIDI or BTC were contractually obligated to warrant the quality of the trucks, Plaintiff's claims for contractual liability against them must fail as a matter of law.

Plaintiff also alleges that BFLL is contractually obligated to warrant the quality of the trucks. However, in its contract with BFLL, Plaintiff explicitly agrees to disclaim any warranties of quality of the truck. Plaintiff also contractually agreed that the written contract superseded any previously negotiated warranties between it and BFLL. Moreover, Plaintiff, by not responding to Requests for Admission, confirmed that these were indeed the terms to the contract which it was bound. Thus, Plaintiff presents no issue of fact which would support the success of its claims, and summary judgment is appropriate in favor of BFLL.

---

[3] Again, the Court acknowledges Plaintiff's claim that an entity named Barloworld Freightliner, Inc., at some point owned the trucks to be transferred to Plaintiff. However, Plaintiff shows no evidence that they entered a binding warranty with Barloworld Freightliner, Inc. BFLL claims responsibility for the sales documents signed by Barloworld entities. There is no evidence that Plaintiff contracted for any rights with a Barloworld entity which is not being assumed by BFLL.

## II.     BFLL's Counterclaim against Plaintiff

BFLL asserts that Plaintiff is liable for the remainder of the truck payments which were not mitigated by BFLL's resale of the trucks.  BFLL also claims costs incurred in the sale of the trucks and in the enforcement of its contract through this litigation.  Plaintiff does not deny that it breached the contract in failing to continue payments.  Under the contract, Plaintiff is explicitly liable for these amounts.  Plaintiff does not dispute the validity or the accuracy of the contract setting forth these obligations.  Therefore, as a matter of law, BFLL is entitled to summary judgment in its claim against Plaintiff.  While the Court rules in favor BFLL on Plaintiff's liability and some damages are liquidated, issues as to the proper amount of unliquidated damages remain.

## III.    BFLL's Claim against Third Party Defendant Swinford

Swinford has not responded to this Motion for Summary Judgment.  Furthermore, no party has disputed the existence and accuracy of Swinford's guaranty of Plaintiff's loan to purchase trucks from BFLL.  Since Plaintiff's liability is established, the Court holds that Third Party Defendant Steve Swinford is also liable as guarantor for the Plaintiff's obligation under the contract.

## CONCLUSION

The Barloworld Defendants' Motion for Summary Judgment is hereby GRANTED.  An appropriate Order will follow.